UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUAN V. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:24-cv-00344-SEP |
| ) | |
| JASON LEWIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se Plaintiff Juan V. Brown's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3]. For the reasons set forth below, the application is granted. On review under 28 U.S.C. § 1915(e)(2), the case is dismissed.

### APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to his account. *Id*. § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00 until the filing fee is fully paid. *Id.*

In support of his Application to Proceed in District Court Without Prepaying Fees or Costs, Plaintiff submitted a copy of his certified inmate account statement. *See* Doc. [4]. The statement shows an average monthly deposit of $40.83 and an average monthly balance of $44.22. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.84, which is 20% of Plaintiff's average monthly balance.

### FACTS AND BACKGROUND

The Complaint was filed on the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983. Doc. [1]. Plaintiff names 13 Defendants: (1) Jason Lewis (Deputy Division Director); (2) Sara Miller (Grievance Officer); (3) Unknown Sancegraw (Property Room Staff

Sergeant); (4) T. Ballinger (Warden Designee); (5) Tim Freeman (Acting Warden); (6) Jeff Norman (Director of Adult Institutions); (7) Unknown Hughes (Deputy Warden); (8) Travis Terry (Director of Adult Institutions); (9) L. Crews (Functional Unit Manager); (10) Unknown Wilson (Property Room Staff); (11) Unknown Price (Correctional Officer); (12) John Doe I (Grievance Officer); and (13) John Doe II (Chief Administrative Officer). *Id*. at 4. Plaintiff brings this action against Defendants in their official and individual capacities. When Plaintiff filed this action, he was confined at the Farmington Correctional Center (FCC) in Farmington, Missouri, *see id*. at 2, but his claims relate principally to his incarceration at the Eastern Reception, Diagnostic, and Control Center (ERDCC) in Bonne Terre, Missouri.

      Plaintiff alleges that various ERDCC employees failed to safeguard some of his personal property and allowed it to be lost or stolen. He also asserts that other ERDCC employees failed to properly investigate the missing property, process the missing property forms he submitted, or address his Informal Resolution Requests (IRRs), grievances, and grievance appeals. He claims that those actions violated "Procedural Due Process" under the Fourteenth Amendment, "Due Process" and "Equal Protection" under the Fifth Amendment, and the Eighth Amendment's prohibition on cruel and unusual punishment. *Id*. at 24.

      Plaintiff includes several allegations unrelated to his missing property. He claims that Correctional Officer Unknown Price made "threatening comments" to him about being a sex offender and violated his "personal space" by "rubbing up on" his chest and saying he "should try a real woman instead of little boys." *Id.* at 19. Plaintiff also filed a letter on May 10, 2024, raising several new claims. In that supplement, he states that on April 8, 2024, he was assaulted by unknown inmates and had to be airlifted to the hospital. *See* Doc. [5] at 1. Upon his return to the ERDCC, he claims that he was physically and verbally assaulted by a Captain Henson (or Hanson) in retaliation for making "statements" about other ERDCC employees. *Id*. He alleges that two other unknown staff sergeants failed to prevent or report the attack. *Id*. Plaintiff further asserts in the supplement that he is being denied access to courts in violation of the First Amendment because caseworkers at the FCC are requiring him to fill out a document called a "Qualified Legal Claim" form to use the E-filing system at FCC. *Id*. at 2.

      For relief, Plaintiff requests $135,000 in damages "to forewarn Department of Corrections Administrative staff that Dishonest and Immoral actions and conduct will not be stood for." Doc. [1] at 23.

## LEGAL STANDARD

The Court is required to review a complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints "must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to "assume facts that are not alleged," *Stone*, 364 F.3d at 915, or interpret procedural rules to "excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

### I. <u>Official-capacity claims</u>

Plaintiff sues all Defendants in their individual and official capacities. *See* Doc. [1] at 2-3, 5-7. All Defendants appear to be employees of the Missouri Department of Corrections and,

3

therefore, employees of the State of Missouri. *See id*. at 4. "A suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983." *Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Accordingly, the official-capacity claims are dismissed.

**II.     Individual-capacity claims**

### A. Claims against Defendants Miller, Crews, Terry, Norman, Freeman, Hughes, Lewis, Ballinger, and John Doe Officers I and II

Plaintiff fails to state a claim upon which relief may be granted against Defendants Sara Miller, L. Crews, Travis Terry, Jeff Norman, Tim Freeman, Unknown Hughes, Jason Lewis, T. Ballinger, John Doe Grievance Officer (Doe I), and John Doe Chief Administrative Officer (Doe II). "To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014); *see also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) ("In the section 1983 context, supervisor liability is limited. A supervisor cannot be held liable, on a theory of respondeat superior, for an employee's unconstitutional actions."). "In requiring a plaintiff to allege that each defendant was personally involved in the deprivation of his constitutional rights, [the Court] assess[es] each defendant relative to his authority over the claimed constitutional violation." *Jackson*, 747 F.3d at 543. But a "supervisor may still be liable under § 1983 if either his direct action or his 'failure to properly supervise and train the offending employee' caused the constitutional violation at issue." *Id*. (quoting *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001)). "Even if a supervisor is not involved in day-to-day operations, his personal involvement may be found if he is involved in 'creating, applying, or interpreting a policy' that gives rise to unconstitutional conditions." *Id*. (quoting *Bonner v. Outlaw*, 552 F.3d 673, 679 (8th Cir. 2009)).

Plaintiff fails to plead facts showing that Defendants Miller, Crews, Terry, Norman, Freeman, Hughes, Lewis, or Ballinger were personally involved in a constitutional violation or showed a deliberate indifference to a violation. *See Boyd*, 47 F.3d at 968. Although Plaintiff attempts to state a failure to supervise or a failure to train by those Defendants, he alleges that their actions occurred after he filed his IRR in June of 2022. To succeed in showing a failure to train or supervise, a "plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts," which "requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). The

4

Complaint does not include any nonconclusory allegations that Defendants Miller, Crews, Terry, Norman, Freeman, Hughes, Lewis, or Ballinger had notice of training and supervision problems prior to Plaintiff's IRR or that their failure to train or supervise caused his alleged injury.

To the extent Plaintiff's allegation against those Defendants—and Does I and II—relate to the way they handled his IRR and grievances, he fails to state a claim under § 1983. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam) ("[D]efendants' denial of his grievances did not state a substantive constitutional claim."). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (alteration in original) (quoting *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("[T]here is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations."). Accordingly, Plaintiff's claims against Defendants Miller, Crews, Terry, Norman, Freeman, Hughes, Lewis, Ballinger, Doe I, and Doe II are dismissed.

### B. Claims against Defendants Sancegraw and Wilson

Plaintiff alleges more direct involvement by Defendants Sancegraw and Wilson. Plaintiff alleges that Defendant Sancegraw works in the ERDCC property room. Doc. [1] at 10. After Plaintiff was released from administrative segregation, he went to collect his property but "quickly observed that the majority of [his] personal belongings were missing and notified Defendant of all missing possessions on a form called lost or missing property list." *Id*. Plaintiff claims that Sancegraw responded by telling him that he "had pissed off the wrong people," and later yelled at Plaintiff to get his "Black 'M.O.S.O.P.' a** to [his] house unit and get out of [Sancegraw's] face!" *Id*. Plaintiff claims that "his Procedural Due Process rights were violated" and that Defendant Sancegraw "showed Deliberate Indifference by failure to act to remedy a wrong after learning of Plaintiff's deprivation of due process." *Id*. at 11. Plaintiff also alleges that Defendant Wilson, as "acting property room staff," was aware of Plaintiff's missing property and property documentation and "should have made [a] report to [a] superior for investigation into the matter." *Id*. at 18.

It is difficult to discern the exact nature of Plaintiff's claims against Defendants Sancegraw and Wilson. To the extent he alleges that they failed to properly process his grievances, that claims fail for the reasons explained above. If Plaintiff blames them for losing

5

his property, § 1983 does not provide a remedy.  "When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate 'the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'"  *Clark v. Kansas City Mo. Sch. Dist.*, 375 F.3d 698, 702 (8th Cir. 2004) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).  Missouri provides such an adequate post-deprivation remedy.  *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990) ("[T]o the extent [plaintiff] bases his claim on the unauthorized destruction of his property, we hold that there is no violation of due process because Missouri provides an adequate postdeprivation remedy.").  Specifically, an individual claiming the right to possession of personal property may bring an action in replevin in the Missouri State Court.  Mo. R. Civ. P. 99.01; *see also Allen v. City of Kinloch*, 763 F.2d 335, 337 (8th Cir. 1985) ("In Missouri, a person claiming the right to possession of personal property wrongfully detained by another may bring an action in replevin.").  Therefore, even if Defendants caused Plaintiff's property to be lost or stolen—which is not clear from the allegations in the Complaint—Plaintiff has not stated a claim for violation of his due process rights under the Fourteenth Amendment.

Last, to the extent Plaintiff brings a verbal harassment claim against Sancegraw, that claim fails.  "Name calling is not a constitutional violation."  *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *see also See Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986); *Ellingburg v. Lucas*, 518 F.2d 1196 (8th Cir. 1975).

### C. Unrelated claims

Plaintiff attempts to assert three unrelated claims in this action for (1) Defendant Price's purported unwanted touching and threatening comments; (2) Captain Henson's assault, which allegedly occurred at FCC in May of 2023; and (3) denial of access to courts, which allegedly occurred at FCC in 2024.

Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if:
>
>   (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>   (B) any question of law or fact common to all defendants will arise in the action.

6

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

Put differently, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. "Unrelated claims against different defendants belong in different suits," partly to "ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id*. (citing 28 U.S.C. § 1915(g)).

When a claim or party is misjoined, Federal Rule of Civil Procedure 21 provides that the Court "on its own . . . may at any time, on just terms, add or drop a party" or "sever any claim against a party." Accordingly, the Court will sever and dismiss Plaintiff's claims against Defendant Price and Defendant Henson, as well as the First Amendment claim which allegedly occurred at FCC. Plaintiff alleges that those claims occurred within the past year, and they are well within the statute of limitations. *See Strandlund v. Hawley*, 532 F.3d 741, 746 (8th Cir. 2008). Plaintiff may, of course, file three separate lawsuits raising such claims after he exhausts his administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $8.84 within **thirty (30)** days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Unknown Price are **SEVERED** and **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 21.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Captain Unknown Henson are **SEVERED** and **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 21.

**IT IS FURTHER ORDERED** that Plaintiff's First Amendment access-to-courts claim, arising from events that allegedly occurred at FCC, is **SEVERED** and **DISMISSED** without prejudice.  *See* Fed. R. Civ. P. 21.

**IT IS FURTHER ORDERED** that the remaining claims are **DISMISSED** without prejudice for failure to state a claim and as legally frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [2], is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be filed herewith.

Dated this 22nd day of July, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE